# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.  RONESHA ROBERTS, as Next of Kin to RONDRE HORNBEAK, Deceased,<br><br>    Plaintiff,<br><br>vs.<br><br>1.  CITY OF ARDMORE ex rel. ARDMORE POLICE DEPARTMENT,<br>2.  LACIE WOOD and<br>3.  PAUL WHITE,<br><br>    Defendants. | Case No. 16-CV-361-RAW |

## PLAINTIFF'S COMPLAINT

**COMES NOW** the Plaintiff, Ronesha Roberts, as Next of Kin to Rondre Hornbeak, deceased (hereinafter referred to as "Plaintiff"), and for her cause of action against the Defendants, City of Ardmore ex rel. Ardmore Police Department, Lacie Wood and Paul White (hereinafter collectively referred to as "Defendants"), alleges and states as follows:

1. This is a civil action under 42 U.S.C. § 1983 seeking damages against Defendants for committing acts, including excessive force, under color of law, with the intent and the purpose of depriving Plaintiff of rights secured under the Constitution and laws of the United States and for refusing or neglecting to prevents such deprivations and denials to Plaintiff.

2. This case arises under the United States Constitution and 42 U.S.C. §§1983, 1988 as amended.

3. This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. § 1331, § 1343 and § 1367.

4. This Court has jurisdiction over the Plaintiff's claims of violation of civil rights under 42 U.S.C. § 1983 and pendent jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. This case presents an actual case in controversy arising under the Fourth and Fourteenth Amendments to the Constitution of the United States. This case also arises under the provisions of 42 U.S.C. § 1983 and 1988.

6. That the Plaintiff, Ronesha Roberts, is the sister of Rondre Hornbeak.

7. That, Rondre Hornbeak, is deceased.

8. That prior to his death, Rondre Hornbeak lived within Carter County, State of Oklahoma.

9. As a result, pursuant to 12 O.S. § 1054, Ronesha Roberts has standing to bring this cause of action.

10. That the Defendant, City of Ardmore ex rel. Ardmore Police Department, is a political subdivision occupied within Carter County, State of Oklahoma.

11. The City of City of Ardmore is a political subdivision of the City of City of Ardmore and has among its other functions operating and maintaining a law enforcement agency known as the Ardmore Police Department.

12. The City of Ardmore is under a duty to run its policing activities in a lawful manner so as to preserve the peace of the City of Ardmore and to preserve its citizens the rights, privileges and amenities guaranteed and secured to them by the Constitution and laws of the United States and the State of Oklahoma.

13. At all times relevant the City of Ardmore officers, Lacie Wood and Paul White, were acting by virtue of and under the color of their offices as law enforcement officers of the City of Ardmore.

14. That all of the circumstances given rise to this incident occurred in Carter County, State of Oklahoma. Therefore, venue is proper herein.

15. That on August 22, 2014, Rondre Hornbeak was arrested in Ardmore, Oklahoma. During the process of his arrest, Rondre Hornbeak was subjected to extreme, excessive, and unnecessary force by the arresting officers, including Lacie Wood and Paul White.

16. Specifically, the arresting officers unnecessary restrained Rondre Hornbeak which resulted in his death caused by unnecessary neck compression.

17. It is clear the policy of restraining Rondre Hornbeak before utilizing other force, such as verbal commands, allowed excessive force to be deployed to force compliance in an excessive manner.

18. In other words, the connection between the policy and the constitutionally-impermissible harm is clear.

19. Such policy allows excessive force to be used on an otherwise cooperative subject or one that is "passively resisting".

20. These are defective policies, practices, procedure and customs that cause the violation of Rondre Hornbeak's rights.

21. Defendants' actions were utilized with the specific intent of inflicting pain.

22. Defendants' actions were successful and Rondre Hornbeak suffered great pain with both temporary and permanent injuries and emotional distress.

23. Moreover, after he was violently and unnecessarily restrained, it was clear that Rondre Hornbeak was injured in and in extensive pain.

24. Nonetheless, he was forced to get into Defendants' squad car demonstrating a deliberate indifference to his serious medical needs.

25. As a direct result of the unnecessary use of force, Rondre Hornbeak sustained permanent injuries as a result of the acts of the Ardmore Police Department, including his death.

26. That as a result of the incident described herein, Rondre Hornbeak suffered personal injuries causing him to seek medical treatment.  Plaintiff, Rondre Hornbeak, has experienced physical pain and mental anguish.  Plaintiff, Rondre Hornbeak, has been caused to incur medical charges and expenses in the past and has died from the injuries inflicted by the Ardmore Police Department.

**FIRST CAUSE OF ACTION**

**DEPRIVATION OF RIGHTS**

COMES NOW, the Plaintiff, Ronesha Roberts, as Next of Kin to Rondre Hornbeak, deceased, and for her First Cause of action herein incorporates the allegations set forth above and further asserts:

27. That Defendant's actions caused Rondre Hornbeak to be subjected to a deprivation of rights, privileges or immunities secured by the Constitution and laws, in violation of 42 U.S.C. § 1983.

28. In committing the acts complained of herein, the Defendants acted under the color of state law to deprive Rondre Hornbeak of his clearly established

constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution, including but not limited to:

    a.    Freedom from unreasonable seizure;

    b.    Freedom from the use of unreasonable, unjustified and excessive force;

    c.    Freedom from deprivation of liberty and property without due process of law;

    d.    Freedom from summary punishment;

    e.    Freedom from the prevention of officers from using excessive force; and

    f.    Freedom from arbitrary governmental activity which shocks the conscience of a civilized society.

29. Specifically, the arresting officers unnecessary restrained Rondre Hornbeak which resulted in his death.

30. It is clear the policy of restraining Rondre Hornbeak before utilizing other force, such as verbal commands, allowed excessive force to be deployed to force compliance in an excessive manner.

31. In other words, the connection between the policy and the constitutionally-impermissible harm is clear.

32. Defendant's actions were not objectively reasonable under the circumstances.

33. Such policy allows excessive force to be used on an otherwise cooperative subject or one that is "passively resisting".

34. Defendants' actions were utilized with the specific intent of inflicting pain.

35. Defendants' actions were successful and Rondre Hornbeak suffered great pain with both temporary and permanent injuries and emotional distress.

36. That Plaintiff, Rondre Hornbeak, has suffered a deprivation of rights as a result of Defendants' conduct.

**WHEREFORE**, the Plaintiff, Ronesha Roberts, as Next of Kin to Rondre Hornbeak, deceased, prays for judgment against the Defendants and for a total sum in excess of the amount that is required for diversity jurisdiction pursuant to §1332 of the Title 28 of the United States Code, costs of this action, attorney's fees and for such other and further relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION

## CRUEL AND UNUSUAL PUNISHMENT

COMES NOW, the Plaintiff, Ronesha Roberts, as Next of Kin to Rondre Hornbeak, deceased, and for her Second Cause of action herein incorporates the allegations set forth above and further asserts:

37. Pursuant to the Eighth and Fourteenth Amendments of the United States Constitution, Rondre Hornbeak was entitled to be free from cruel and unusual punishment.

38. Defendant engaged in extreme and excessive cruelty to Rondre Hornbeak, which constitutes cruel and unusual punishment.

39. After he was violently and unnecessarily restrained, it was clear that Rondre Hornbeak was injured in and in extensive pain.

40. Nonetheless, he was forced to get into Defendants' squad car demonstrating a deliberate indifference to his serious medical needs.

41. Defendants' actions constituted unnecessary and wanton infliction of pain and suffering and were extreme and excessively cruel.

42. Defendants maliciously by undertaking, without just cause or reason, a course of action intended to cause extreme pain and suffering.

43. As a direct and proximate result of the violation of Rondre Hornbeak's constitutional rights, Rondre Hornbeak suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. § 1983.

**WHEREFORE**, the Plaintiff, Ronesha Roberts, as Next of Kin to Rondre Hornbeak, deceased, prays for judgment against the Defendants and for a total sum in excess of the amount that is required for diversity jurisdiction pursuant to §1332 of the Title 28 of the United States Code, costs of this action, attorney's fees and for such other and further relief as the Court deems just and proper.

> *s/ Kenyatta R. Bethea*
> KENYATTA R. BETHEA, OBA# 18650
> **HOLLOWAY, BETHEA & OSENBAUGH**
> 3035 N.W. 63rd, Suite 102N
> Oklahoma City, OK 73116
> Telephone: (405) 246-0600
> Facsimile:   (405) 810-4080
> kbethea@hbolaw.com
> **ATTORNEYS FOR PLAINTIFF**
> **RONDRE HORNBEAK**

**JURY TRIAL DEMANDED**